UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRYAN P. BONHAM,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:25-cv-00141-MMD-CLB

ORDER

## I. SUMMARY

*Pro se* Plaintiff Bryan Bonham, an inmate in the custody of the Nevada Department of Corrections, has filed a document titled "Petitioners/Plaintiffs [sic] Appeal of Decision of the Nevada Supreme Court or Writ of Mandamus" and an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) Bonham later filed a "Memorandum" supporting his contentions. (ECF No. 3.) The Court denies Bonham's IFP application because he has six strikes under the Prison Litigation Reform Act ("PLRA") and because his initiating document does not plausibly allege that he faced an ongoing danger of serious physical injury when he filed it. The Court dismisses this action without leave to amend because it does not have jurisdiction under *Rooker-Feldman* to consider Bonham's claims challenging and seeking relief from state court judgments entered against him.

## II. DISCUSSION

### A. Three Strikes

The PLRA provides that no prisoner may "bring a civil action or appeal a judgment in a civil action or proceeding" under IFP status "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury." 28 U.S.C. § 1915(g). The Ninth Circuit explained in *Andrews v. Cervantes* that the exception to § 1915(g) applies only if the prisoner makes a plausible allegation that he or she faced "an ongoing danger" of serious physical injury "at the time the complaint was filed." *See* 493 F.3d 1047, 1055-56 (9th Cir. 2007). "The prisoner may meet this requirement by 'alleging that prison officials continue with a practice that has injured him or others similarly situated in the past,' or that there is a continuing effect resulting from such a practice." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (cleaned up) (quoting *Andrews*, 493 F.3d at 1057). If the prisoner satisfies the exception, it applies to the entire complaint, not on a claim-by-claim basis and not for only certain types of relief. *See Andrews*, 493 F.3d at 1052.

**1. Bonham has six strikes under the PLRA.**

Bonham initiated this lawsuit on March 12, 2025. (ECF No. 1.) On December 14, 2017, Bonham commenced the action styled *Bonham v. Williams*, Case No. 3:17-cv-00719-MMD-WGC ("*Williams*") while he was incarcerated at Lovelock Correctional Center ("LCC"). (ECF No. 1-1 at 1.) On December 7, 2018, the district court dismissed the action, finding that Bonham failed to state a colorable claim for relief. *See Williams*; (ECF No. 3). This is Bonham's first strike under the PLRA. *See* 28 U.S.C. § 1915(g). Bonham appealed, the Ninth Circuit dismissed his appeal as frivolous, and the mandate issued on October 15, 2019. *See Williams*; (ECF Nos. 8, 11, 13) (Appeal No. 19-15107). This is Bonham's second strike under the PLRA. *See* 28 U.S.C. § 1915(g).

On May 3, 2019, Bonham commenced the action styled *Bonham v. Dzurenda*, Case No. 3:19-cv-00229-MMD-WGC ("*Dzurenda*") while he was incarcerated at LCC. (ECF No. 1-1 at 1.) On April 22, 2020, the district court dismissed the action, finding that Bonham failed to state a colorable claim for relief. *See Dzurenda*; (ECF No. 8.) This is Bonham's third strike under the PLRA. *See* 28 U.S.C. § 1915(g). Bonham appealed the dismissal and the subsequent order denying his motion for reconsideration, the Ninth Circuit dismissed his appeal as frivolous, and the mandate issued on December 17, 2020. *See Dzurenda*; (ECF Nos. 11, 14, 16, 17) (Appeal No. 20-15789). This is Bonham's fourth

strike under the PLRA. *See* 28 U.S.C. § 1915(g).

On June 6, 2019, Bonham commenced the action styled *Bonham v. Minev*, Case No. 3:19-cv-00307-MMD-WGC ("*Minev*") while he was incarcerated at LCC. (ECF No. 1-1 at 1.) On June 25, 2020, the district court dismissed the action, finding that Bonham failed to state a colorable claim for relief. *See Minev*; (ECF No. 7). This is Bonham's fifth strike under the PLRA. *See* 28 U.S.C. § 1915(g). Bonham appealed the dismissal, the Ninth Circuit dismissed his appeal as frivolous, and the mandate issued on December 22, 2020. *See Minev*; (ECF Nos. 9, 11, 13) (Appeal No. 20-16272). This is Bonham's sixth strike under the PLRA. *See* 28 U.S.C. § 1915(g).

**2. Bonham's appeal does not satisfy § 1915(g)'s exceptions.**

As outlined above, on six occasions before Bonham initiated this civil action, federal courts dismissed civil actions and appeals that Bonham commenced while he was detained or incarcerated because the proceedings were frivolous or failed to state a claim upon which relief could be granted. To be granted IFP status and proceed in this action without prepaying the full $405 filing fee, Bonham must plausibly allege that he faced "imminent danger of serious physical injury" when he filed this action. 28 U.S.C. § 1915(g). Bonham has not made this showing. Rather, he contends that the state courts committed errors and violated his rights in resolving his state lawsuit and associated appeals. (ECF No. 1-1.) And he asks the Court to reverse the Nevada Supreme Court's decision against him and order the state district court to reopen his lawsuit. (*Id.* at 10.) Bonham's IFP application is therefore denied.

**B. *Rooker-Feldman* Doctrine**

"The *Rooker*-Feldman doctrine derives its name from two Supreme Court cases: *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021). "Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Id.* (cleaned up). "The United States Supreme Court is the only federal court with jurisdiction to hear such an

appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "*Rooker-Feldman* applies only when the federal plaintiff both asserts as [his] legal injury error or errors by the state court *and* seeks as [his] remedy relief from the state court judgment." *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025) (cleaned up). Ninth Circuit "case law makes clear that this doctrine applies even where the challenge to the state court decision involves federal constitutional issues, including section 1983 claims." *Benavidez*, 993 F.3d at 1142 (cleaned up). And if a federal lawsuit contains a forbidden de facto appeal, then the doctrine applies and works to deprive the federal district court of subject matter jurisdiction over any issue raised in a suit that is "inextricably intertwined" with an issue resolved by the state court's judicial decision. *Id.*

Bonham's initiating document contends that the Nevada Supreme Court and state district court committed errors in resolving his state lawsuit and associated appeals. (ECF No. 1-1.) Specifically, Bonham faults the state courts for not finding that prison officials violated his federal due process rights when they deducted costs he incurred for postage and photocopying from funds in his account under Nevada statutes. (*Id.* at 3-7.) He takes issue with the Nevada Supreme Court's interpretation of those Nevada statutes as permitting the challenged deductions. (*Id.* at 7-10.) And he asks the Court to reverse the Nevada Supreme Court's decision against him; declare that the Nevada Supreme Court and the state district court erred in their determinations against him; and order the state district court to reopen his lawsuit and allow his amended complaint to proceed. (ECF No. 1-1 at 10.) This action is a forbidden de facto appeal in which Bonham seeks relief from state court judgments that have been entered against him. The Court lacks jurisdiction under *Rooker-Feldman* to consider Bonham's claims. Thus, this action is dismissed without prejudice and without leave to amend.

## III. CONCLUSION

It is therefore ordered that the IFP application (ECF No. 1) is denied because state prisoner Brian P. Bonham, NDOC #60575, has six strikes under the PLRA, and his allegations do not satisfy 28 U.S.C. § 1915(g)'s imminent danger exception.

It is further ordered that this action is dismissed without prejudice and without leave to amend because the Court lacks jurisdiction under *Rooker-Feldman* to consider Bonham's claims challenging and seeking relief from state judgments that have been entered against him.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 12th Day of September 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE